

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# Wang v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4707

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wang v. Secretary Homeland" (2006). *2006 Decisions.* Paper 1219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4707

MING SHAN WANG,
Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
(INS No. A79-629-739)
Immigration Judge: Hon. Henry S. Dogin

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2006

Before: SLOVITER, AMBRO, and MICHEL[*], Circuit Judges

(Filed: April 26, 2006)

OPINION

---

[*] The Honorable Paul R. Michel, Chief Judge, United States
Court of Appeals for the Federal Circuit, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

Petitioner Ming Shan Wang ("Wang"), a native and citizen of China, petitions for review of a final order by the Board of Immigration Appeals ("BIA" or "Board"), which was entered on November 26, 2004, affirming the immigration judge's ("IJ") denial of Wang's motion to reopen her removal proceedings.

## I.

Wang arrived in the United States in 2002 without valid entry documents and was placed in removal proceedings. After removability was established in a hearing before an IJ, Wang sought relief in the forms of asylum, withholding of removal, and Article 3 of the Convention Against Torture ("CAT"). At her asylum hearing, Wang argued that she has been persecuted and has a well-founded fear of persecution by the Chinese government based on her relationship with her grandmother, who is a Falun Gong practitioner. She maintained that although she did not practice Falun Gong herself, she was beaten and detained by the police, who accused her of being a member. The IJ denied Wang's applications because he found her testimony incredible and determined that she had failed to provide evidence that sufficiently supported her claim of past and future persecution.

Wang did not appeal her removal order to the BIA. Instead, on March 8, 2004, she filed a motion to reopen her removal proceedings or, in the alternative, to vacate and reinstate the Court's previous decision, which would afford her a new window of opportunity to appeal the December 19, 2003 removal order within thirty days thereof. In

2

support of her motion to reopen, Wang submitted an affidavit claiming that she received information one week after the IJ denied her applications for relief that Chinese government officials have been pursuing her because she failed to abide by the terms of her release from detention in China. The IJ denied the motion because he was not satisfied that the information could not have been discovered before or presented at Wang's removal hearing. The IJ stated that even if the information contained in the affidavit had been presented at Wang's initial hearing, he would have rendered the same decision because he had previously made an adverse credibility finding and nothing in the "bare and unsupported assertion on [Wang's] affidavit" rehabilitated Wang's "incredible testimony." App. at 9. The BIA adopted and affirmed the IJ's decision, and this petition for review followed.

## II.

### DISCUSSION

#### A. Adverse Credibility Finding

Wang first claims that the IJ abused his discretion in finding her to be an incredible witness, a finding we ordinarily review for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). We need not conduct such an inquiry here because we lack jurisdiction to do so. Wang failed to exhaust her available administrative remedies by failing to appeal the IJ's adverse credibility determination to the BIA. See 8 U.S.C. §1252(d)(1); Zheng v. Gonzales, 422 F.3d 98, 107-108 (3d Cir. 2005) ("The failure to exhaust this claim before the BIA 'bars consideration of particular questions not raised in

3

an appeal to the Board.'") (quoting Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 1989)). Accordingly, because Wang failed to present this claim to the BIA, it is unexhausted, and we must dismiss Wang's petition for review of the IJ's adverse credibility finding for lack of jurisdiction.

**B.     Motion to Reopen**

Wang also alleges that the BIA abused its discretion by failing to attach sufficient weight to Wang's above-mentioned affidavit and affirming the denial of Wang's motion to reopen. We have exclusive jurisdiction to review the BIA's affirmance of a denial of a motion to reopen removal proceedings. See 8 U.S.C. §1252(a)(1). Generally, motions to reopen are granted only under compelling circumstances. Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). As the United States Supreme Court has explained:

> The granting of a motion to reopen is . . . discretionary[.]
> [T]he Attorney General has "broad discretion" to grant or
> deny such motions. Motions for reopening of immigration
> proceedings are disfavored for the same reasons as are
> petitions for rehearing and motions for a new trial on the basis
> of newly discovered evidence. This is especially true in a
> deportation proceeding, where, as a general matter, every
> delay works to the advantage of the deportable alien who
> wishes merely to remain in the United States.

INS v. Doherty, 502 U.S. 314, 323 (1992) (citations omitted).

In light of these considerations, our review is highly deferential: we review the denial of a motion to reopen for abuse of discretion. Id. "Discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (quotation marks omitted). Because

4

the BIA summarily affirmed the IJ's decision without opinion, we review the findings and conclusions of the IJ. See Partyka v. Att'y Gen., 417 F.3d 408, 411 (3d Cir. 2005).

A motion to reopen removal proceedings must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. §1229a(c)(7)(B). A motion to reopen will not be granted unless the IJ is satisfied that the new evidence being offered is material and was not available and could not have been discovered or presented at the earlier hearing. See 8 C.F.R. §1003.23(b)(3).

In support of her motion to reopen, Wang submits an affidavit stating that, subsequent to her former hearing, she was informed that Chinese government officials were searching for her for violating her release from detention. The IJ concluded that Wang failed to demonstrate that the evidence she sought to produce was not available and could not have been discovered or presented at her prior hearing. Although Wang's affidavit states that she received the information from her mother one week after her hearing, the Government notes that the affidavit fails to demonstrate how Wang received the information, when the Chinese government officials began looking for Wang, or that the information was not available earlier.

Because the basis for the IJ's adverse credibility assessment was directly related to Wang's motion to reopen, the IJ did not abuse its discretion by taking that assessment into consideration. It follows that the BIA's denial of Wang's motion to reopen was not arbitrary, capricious, or contrary to law.

5

**C.      BIA's Summary Affirmance**

Finally, Wang appears to challenge the BIA's summary affirmance of the IJ's decision as an abuse of the BIA's discretion.  However, Wang's objections to the summary affirmance procedure are not persuasive.  We have previously held that the BIA's use of this summary affirmance procedure is proper and that it neither violates due process nor runs afoul of the Immigration and Nationality Act.  <u>Dia v. Ashcroft</u>, 353 F.3d 228, 238-239 (3d Cir. 2003) (en banc).  Accordingly, this argument is without merit.

### III.

### CONCLUSION

For the foregoing reasons, we will dismiss for lack of jurisdiction Wang's petition for review of the IJ's adverse credibility determination and deny Wang's petition for review.